**In re Petition for DISCIPLINARY AC-
TION AGAINST Steven T. APPEL-
GET, an Attorney at Law of the State
of Minnesota.**

No. C9–99–2181.

Supreme Court of Minnesota.

Jan. 10, 2000.

ORDER

The Director of the Office of Lawyers
Professional Responsibility has filed a peti-
tion for disciplinary action alleging that
respondent Steven T. Appelget has com-
mitted professional misconduct warranting
public discipline, namely, that the respon-
dent failed to timely remit mortgage pay-
ments received from and on behalf of a
client to the mortgagee resulting in the
commencement of foreclosure proceedings
against the client and respondent failed to
keep required trust account books and rec-
ords while falsely certifying to the court
the he kept the appropriate records in
violation of Rules 1.3, 1.15 and 8.4(c),
Minnesota Rules of Professional Conduct
(MRPC), and Lawyers Professional Re-
sponsibility Board (LPRB) Opinion No. 9.

Respondent admits his conduct has vio-
lated the Rules of Professional Conduct,
waives his rights pursuant to Rule 14,
Rules on Lawyers Professional Responsi-
bility, and has entered into a stipulation
with the Director wherein they jointly rec-
ommend that the appropriate discipline is
a public reprimand and two years super-
vised probation subject to the following
conditions:

1. Respondent shall cooperate fully
with the Director's Office in its efforts to
monitor compliance with this probation
and promptly respond to the Director's
correspondence by the due date. Re-
spondent shall cooperate with the Di-
rector's investigation of any allegations
of unprofessional conduct which may
come to the Director's attention. Upon
the Director's request, respondent shall
provide authorization for release of in-
formation and documentation to verify
compliance with the terms of this proba-
tion.

2. Respondent shall abide by the
Minnesota Rules of Professional Con-
duct.

3. Respondent shall be supervised by
a licensed Minnesota attorney, appoint-
ed by the Director to monitor compli-
ance with the terms of this probation.
Respondent shall provide to the Director
the names of four attorneys who have
agreed to be nominated as respondent's
supervisor within two weeks from the
date this stipulation is executed. If, af-
ter diligent effort, respondent is unable
to locate a supervisor acceptable to the
Director, the Director will seek to ap-
point a supervisor. Until a supervisor
has signed a consent to supervise, the
respondent shall on the first day of each
month provide the Director with an in-

ventory of active client files described in paragraph four below. Respondent shall make active client files available to the Director upon request.

4. Respondent shall cooperate fully with the supervisor in his efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

5. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

6. Respondent shall maintain law office and trust account books and records in compliance with Rule 1.15, MRPC, and LPRB Opinion No. 9. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days of the approval of this stipulation and thereafter shall be made available to the

Director at such intervals as he deems necessary to determine compliance.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Steven T. Appelget is publicly reprimanded and placed on two years of supervised probation under the conditions jointly agreed to and stated above and that respondent pay $900 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

BY THE COURT:

Alan C. Page

Alan C. Page
Associate Justice